Robin F. Wynne, Justice, dissenting. While I agree with much of the majority’s analysis, I must dissent because I conclude that this case should be reversed and remanded for a new trial. I fully agree that Stewart v. State, 316 Ark. 153, 870 S.W.2d 752 (1994), should |1(lnot be read to prohibit expert testimony regarding a defendant’s capacity to form the specific intent to commit murder. Because appellant was charged with first-degree murder and criminal attempt to commit first-degree murder, the State in this case was required to prove that appellant acted with the purpose of causing the death of another person. See Ark. Code Ann. § 5-lO-102(a)(2) (Repl. 2013). A person acts purposely with respect tó his conduct or as a result of his conduct when it is ‘ his conscious object to engage in conduct of that nature or to cause the result. Ark. Code Ann. § 5-2-202(1) (Repl. 2013). Evidence that the defendant suffered from a mental disease or defect is admissible-to prove whether the defendant had the kind of culpable mental state required for commission of the offense charged. Ark. Code Ann. § 5-2-303 (Repl. 2013). In the present case, Dr. Kittrell opined in his report that, at the time of the offenses, appellant suffered from a mental disease, namely, psychotic disorder not otherwise specified. Dr. Kittrell also found that several factors impacted appellant's capacity for purposeful conduct with respect to the' charged offenses; he stated that appellant was experiencing considerable emotional upheaval based on several factors, among them appellant’s untreated psychosis (hallucinations and paranoia). At the October 7, 2013 competency hearing, Dr. Kittrell testified regarding appellant’s capacity to form the culpable mental state. The majority notes that Dr. Kittrell never stated that 'appellant lacked the capacity to form intent, only that it was impacted or impaired. In my view’, this distinction is not important in deciding whether expert testimony on this point was admissible; Dr. Kittrell expressed his opinion on the issue of appellant’s capacity to form the requisite intent, regardless of, whether that opinion was definitive. | nThe evidence regarding whether appellant had the capacity to form the culpable mental state to commit first-degree murder was relevant and probative, and in my view it was an abuse of discretion for the trial court to exclude it. Of course, whether appellant had the required intent to murder Toby Fowlks at the time of the shooting was for the jury to decide. See Stewart, 316 Ark. at 159, 870 S.W.2d at 755. It is well settled that the jury is not bound to accept the opinion testimony of any witness as true or conclusive, including the opinion testimony of experts. Navarro v. State, 371 Ark. 179, 191, 264 S.W.3d 530, 539 (2007) (citing Davis v. State, 368 Ark. 401, 246 S.W.3d 862 (2007)). In sum, whether appellant had the culpable mental state to commit first-degree murder was a fact' in issue, Dr. Kittrell’s opinion regarding appellant’s capacity to form that intent was probative, and that evidence was admissible. Furthermore, its exclusion was not harmless. It was a crucial part of appellant’s defense, a key corollary t'o the defense’s evidence that appellant suffered from a mental disease at the time of the shooting. ' ' I respectfully dissent. Danielson, J., joins.